SANTIAGO A. PANZARDI & Co., *S. en C.*, Plaintiff and Appellee, *v.* MUNICIPALITY OF PONCE, Defendant and Appellant.

No. 6159.  Argued February 2, 1934.—Decided April 10, 1934.

*L. Tormes García* for appellant.  The appellee was not represented by counsel.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Santiago A. Panzardi & Co., *S. en C.*, obtained a judgment against the Municipality of Ponce for $338.64 as compensation for certain repairs made on a municipal ambulance and for certain materials furnished in connection with the making of such repairs.  The municipality appeals and attacks the judgment of the district court on the following grounds:

"(*a*) Because the claim of plaintiff herein arose from an obligation incurred during the fiscal year 1928–29 at a time when the Municipality of Ponce did not have adequate funds to meet such expenses and when no money had been appropriated in the budget to cover the same, and no transfer of funds had been made during said year to make such payment.

484

"(b) Because said judgment is in conflict with the rules and regulations issued by the Auditor of Puerto Rico for municipal accounting.

"(c) Said judgment infringes the provisions of the Organic Act of Puerto Rico and the Political Code."

The argument in support of the first and third of these contentions is, in substance, that plaintiff neither alleged nor proved that municipal funds were available at the time of the contract in question. Assuming for the sake of argument only that plaintiff was obliged to establish this fact as a prerequisite to recovery, we find that counsel for defendant supplied the omission by eliciting from the mayor on cross-examination the information that the money was available at the time the order for the work and supplies was given and at the time the services were rendered and the supplies furnished.

The regulations relied upon by appellant were not introduced in evidence at the trial and are not before us, except as quoted in the brief for appellant. Assuming without holding that we may take judicial notice of these regulations, the fact that the order for the work done and for the supplies furnished by plaintiff was not certified by the municipal auditor, and the fact that other similar formalities prescribed by the said regulations had not been observed, did not invalidate the contract. *Municipality of Río Piedras* v. *Serra, Garabis & Co.*, 65 Fed. (2d) 691.

The judgment appealed from must be affirmed.